IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAWRENCE HOUSTON HOBBS, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00342-XR |
| | § | |
| vs. | § | |
| | § | |
| MARC D. STANLEY, JOHN DOE, | § | |
| DEFENDANT 2; JANE DOE, | § | |
| DEFENDANT 3; AND JOHN DOE, | § | |
| DEFENDANT 4, | § | |
| | § | |
| *Defendants.* | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends the Court deny the motion.

### I. Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is unemployed, and his only personal income source is the recent withdrawal of $40,000 from a 401(k). Plaintiff lists his monthly expenses as approximately $3,300 and indicates he has a half interest in real property in the amount of $162,500 and owns a vehicle worth approximately $25,000. He carries a mortgage in the amount of $275,000. However, Plaintiff's motion also includes financial information for his spouse, who is employed and earns $10,000 per month. In this additional financial affidavit, Plaintiff estimates his monthly expenses as $5,125 and his spouse's monthly expenses as $9,300.

Although this information may indicate that Plaintiff's and his spouse's current monthly expenses exceed the $10,000 monthly income between them, Plaintiff has not established that he

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

cannot, due to poverty, afford the court costs associated with this lawsuit. Plaintiff has approximately $40,000 in his bank account from the recent withdrawal of his 401(k) and he and his wife have a reliable stream of monthly income. Some of the expenses listed in Plaintiff's financial affidavits are discretionary, such as clothing and transportation. Plaintiff may need to temporarily forego some of these expenses for a month or two to afford the $400 filing fee on this lawsuit and has not established that, due to indigency, he is unable to do so.

## II.  Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **DENIED**. Plaintiff should be directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b). Plaintiff's motion for permission to participate in electronic filing will remain pending until resolution of Plaintiff's motion to proceed IFP and his payment of the filing fee.

SIGNED this 14th day of April, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE