**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LAWRENCE HOUSTON HOBBS, | § | |
| *Plaintiff* | § | |
| | § | |
| -vs- | § | SA-22-CV-00342-XR |
| | § | |
| MARC D. STANLEY, JOHN DOE, | § | |
| DEFENDANT 2; JANE DOE, | § | |
| DEFENDANT 3; JOHN DOE, | § | |
| DEFENDANT 4;  ATTORNEY- | § | |
| ADVISOR,  UNIT OF EMPLOYMENT | § | |
| AND LABOR LAW,  DIVISION OF | § | |
| GENERAL LAW,  OFFICE OF THE | § | |
| SOLICITOR,  U.S. DEPARTMENT OF | § | |
| THE INTERIOR, | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered United States Attorney Huiju Jeon's motion for a 60-day extension of Defendant Marc D. Stanley's deadline to answer or otherwise respond to the Amended Complaint (ECF No. 11), Plaintiff's responses in opposition thereto (ECF Nos. 13, 15), and Plaintiff's motion to affirm proof of process (ECF No. 12). After careful consideration, the Court issues the following order.

## BACKGROUND

On April 7, 2022, Lawrence Hobbs filed a *pro se* application to proceed *in forma pauperis* ("IFP"), attaching a copy of his proposed 40-page page proposed complaint. The proposed complaint alleged that the U.S. Department of the Interior and certain of its employees, including agency counsel Marc D. Stanley, had committed various forms of employment discrimination and retaliation against him. *See* ECF No. 1-1. On June 2, 2022, after his application to proceed IFP was denied and he had paid the required filing fee, Hobbs filed his 55-page "Amended Complaint,"

the operative pleading. *See* ECF Nos. 8–10. That same day, Plaintiff made his first of two attempts to serve Stanley by certified mail.

As a United States employee being sued in his individual capacity, Stanley must file a responsive pleading within 60 days after he is served with process. *See* FED. R. CIV. P. 12(a)(3). He may also be entitled to representation by the Department of Justice ("DOJ") under 28 C.F.R. § 50.15, provided that he was acting in the scope of his employment and that the representation is in the interest of the United States. On August 1, 2022, to ensure that Stanley's defenses would not be compromised during the DOJ's review of his request for representation, U.S. Attorney Jeon filed a motion seeking to clarify and, if necessary, extend Stanley's deadline to answer or otherwise respond to the Amended Complaint. *See* ECF No. 11 at 2. Jeon asserts that Plaintiff's service on Stanley on June 2 was defective, and, accordingly, that his time period to file a responsive pleading has not begun to run. *Id.* If the Court disagrees, however, Jeon seeks a 60-day extension of time to file a responsive pleading on Stanley's behalf. *Id.* Plaintiff opposes any extension, arguing that Stanley has been properly served.[1] ECF Nos. 13, 15.

Because Plaintiff is not proceeding *in forma pauperis* in this case, it is incumbent upon him to timely serve Defendants with a summons and a copy of the complaint in a manner compliant with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c)(1). Rule 4(e)(1) authorizes service through certified mail if it is permitted under the laws of the state where the district court is located or the state where service is made. Texas Rule of Civil Procedure 106(a)

---

[1] Plaintiff also implies that any defects in service are immaterial because Stanley was otherwise on notice of the claims against him. But "actual notice is not sufficient service of process." *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

provides that an individual may be served by mailing the documents to the defendant by certified mail, return receipt requested. TEX. R. CIV. P. 106(a)(2).

Plaintiff has made two attempts to effectuate service on Stanley by certified mail: first on June 2, 2022, the date the Amended Complaint was filed, and again on June 24, 2022,[2] after the issuance of summonses. Neither attempt was successful.

Plaintiff's June 2 service on Stanley was deficient in two respects. First, it did not include the summons, which had not even been issued yet. *See* FED. R. CIV. P. 4(c)(1); ECF No. 12 at 11 (noting that the summons was issued on June 10). Further, the Amended Complaint was mailed to the United States Attorney's Office rather than to Stanley. *See* ECF No. 11 at 1.

Plaintiff's second attempt to serve Defendants by certified mail was also defective in two ways. First, the affidavits of service, executed by Plaintiff, indicate that the service documents were mailed by Plaintiff himself. *See id.* at 11, 14, 17, 21. Rule 4(c)(2), however, does not permit service of process by a person who is a party or interested in the outcome of a suit. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Second, although Plaintiff has filed tracking information suggesting that the service documents were delivered, he has not filed a return receipt confirming that the documents were delivered *to* Stanley. *See* ECF No. 11 at 12–16. When a citation is served by certified mail, the return receipt must include the signature of the *addressee*. TEX. R. CIV. P. 107(c).

The Court agrees with U.S. Attorney Jeon that Stanley has not been served with process and that the 60-day period within which Stanley must answer the Amended Complaint has not yet begun. The period in which Plaintiff must effectuate service under Rule 4, on the other hand, has begun to run.

---

[2] While the executed affidavit of service states that the summons and Amended Complaint were mailed on June 24, the tracking information suggests that the documents were mailed on July 19. *See* ECF No. 12 at 11–13.

3

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). To show good cause, a party must show "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Additionally, there usually must be "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified[.]'" *Id.* (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1165 (1985 Pocket Part)). The Court may also exercise its discretion to allow an extension, even when no good cause is shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Despite being styled as an amendment, the "Amended Complaint" was the first pleading actually filed in this case. That is, the proposed complaint attached to Plaintiff's IFP application was never the live pleading and could not trigger the 90-day period for service contemplated under Rule 4(m). The time for service must be measured from the filing of the Amended Complaint on June 2, 2022. Thus, Plaintiff's 90-day period to effectuate service has not yet expired, but will on August 31, 2022. It is unclear whether, as a practical matter, Plaintiff will be able to accomplish service within the limited time that remains under Rule 4(m). Plaintiff's attempts to serve Stanley have been unsuccessful, but he has nonetheless made a sufficient showing of good faith to warrant a short extension of time to serve Stanley.

**CONCLUSION**

Given the defects in service, Plaintiff's motion to affirm proof of service of process (ECF No. 12) is **DENIED**. Because Defendant Stanley has not been properly served with process, his time period in which to file a responsive pleading has not begun to run. Accordingly, Stanley's motion for a 60-day extension of his time to answer or otherwise respond to the Amended Complaint (ECF No. 11) is **MOOT**.

It is therefore **ORDERED** that Plaintiff file proof of service no later than **September 29, 2022,** establishing that he has properly served Defendants. **Failure to serve Defendants by that date or seek an extension of time to do so may result in this case being dismissed.**

The Clerk is **DIRECTED** to mail a copy of this Order to Lawrence Hobbs, PO Box 1880, Canyon Lake, Texas 78133 and to provide a copy by email to lhhcivaxion@gmail.com.

It is **SO ORDERED**.

**SIGNED** this 29th day of August, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5