IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAWRENCE HOUSTON HOBBS,<br>*Plaintiff*<br><br>-vs-<br><br>MARC D. STANLEY *et al.*<br>*Defendants* | § § § § § § § § § | SA-22-CV-00342-XR |
| LAWRENCE HOUSTON HOBBS,<br>*Plaintiff*<br><br>-vs-<br><br>FRANK KENDALL *et al.*<br>*Defendants* | § § § § § § § § § | SA-22-CV-00739-XR |
| LAWRENCE HOUSTON HOBBS,<br>*Plaintiff*<br><br>-vs-<br><br>ANGELA K STEVENS *et al.*<br>*Defendants* | § § § § § § § § § | SA-23-CV-001240-XR |
| LAWRENCE HOUSTON HOBBS,<br>*Plaintiff*<br><br>-vs-<br><br>DEB HAALAND *et al.*<br>*Defendants* | § § § § § § § § § | SA-23-CV-001241-XR |

**CONSOLIDATION ORDER**

On this date, the Court considered the status of *Hobbs v. Stanley*, 5:22-cv-342-XR, (the "*Stanley* Action"), and three other cases filed by Lawerence Hobbs and recently transferred to the undersigned: *Hobbs v. Kendall*, 5:22-cv-739-XR (the "*Kendall* Action"), *Hobbs v. Stevens*, 5:23-cv-1240-XR (the "*Stevens* Action"), and *Hobbs v. Haaland*, 5:23-cv-1241-XR (the "*Haaland* Action").

*Pro se* Plaintiff Lawrence Houston filed all four of these actions in the Western District of Texas in 2022, alleging claims of employment discrimination and violation of his civil rights against various federal officers and agencies based on (1) his employment with the Bureau of Land Management ("BLM")—a division of the Department of the Interior ("DOI")—in Wisconsin and with the United Stated Air Force ("USAF") in Texas, (2) related proceedings before the Equal Employment Opportunity Commission ("EEOC"), and (3) his subsequent indictment for credit card abuse in Del Rio, Texas.

Hobbs worked for the BLM in Wisconsin from October 2017 to December 2018. In April 2018, he filed several EEO complaints against the DOI alleging discrimination, retaliation, and hostile work environment. It appears that, while Plaintiff was on administrative leave from the DOI during the pendency of his EEOC proceedings in Wisconsin, he accepted an offer of employment with the USAF in Texas. In his application to the USAF, Hobbs represented that he was not facing any charges for violations of the law. Several months after completing the application in March 2018, Hobbs was cited for disorderly conduct. When he began the USAF onboarding process in November 2018, he again represented that he was not facing any charges for legal violations. Four months later, the AF's civilian personnel officer informed Hobbs's first-line supervisor about the pending charge for disorderly conduct. Hobbs was ultimately removed from his position in 2019.

It appears that, even after accepting the USAF's job offer, Hobbs did not terminate his employment with the DOI. He was still on administrative leave from the DOI in November 2018, when he began his employment with the USAF, and still possessed a DOI travel card. For his new employment, the AF issued an official Permanent Change of Station travel order according to which Hobbs traveled to Del Rio, Texas. During this trip, Hobbs allegedly used the DOI's travel

card without the DOI's authorization in Val Verde County, Texas, incurring $3,429.55 in charges. In July 2019, DOI agent Angela Stevens notified the 63rd District Attorney's ("DA") Office about the unauthorized credit card charges. In December 2020, Hobbs was indicted on four counts of credit card abuse in the 63rd Judicial District Court in Del Rio, Texas. The DA's Office represented the State of Texas in those proceedings. Hobbs moved to quash or set aside the indictment, and the District Attorney's Office decided not to contest the motion. The state court granted the motion and dismissed the action.

Collectively, Plaintiff has sued (1) Marc D. Stanley, the attorney who defended the DOI during the EEOC proceedings, and the DOI; (2) Frank Kendall, the Secretary of the USAF, (3) Angela Stevens, the DOI agent who reported the alleged credit card fraud to the Del Rio District Attorney's Office; (4) Deb Haaland, the Secretary of the DOI; and (5) several Doe Defendants. In general, Hobbs appears to allege claims of employment discrimination and claims under *Bivens* that Stanley conspired with Stevens and other federal agents to pursue criminal charges against him in violation of his constitutional rights.

Plaintiff initially filed the *Stevens* and *Haaland* Actions in the Del Rio Division of the Western District of Texas, where they were assigned to Chief Judge Moses and referred to Magistrate Judge Collis White. *See Stevens* Action, ECF No. 1, IFP Application (Apr. 1, 2022); *Haaland* Action, ECF No. 1, IFP Application (May 22, 2022). Plaintiff then filed the *Stanley* and *Kendall* Actions in the San Antonio Division of the Western District of Texas, which were assigned to the undersigned and Judge Biery, respectively. *Stanley* Action, ECF No. 2, IFP Application (May 27, 2022); *Kendall* Action, ECF No. 1, Complaint (July 12, 2022). Judge Biery referred the

*Kendall* Action to Magistrate Judge Richard B. Farrer for all pretrial matters. *Kendall* Action, ECF No. 6.[1]

The *Kendall* Defendants moved for consolidation of all four cases in September 2022. *See Kendall* Action, ECF No. 7. In December 2022, Magistrate Judge Farrer entered an order noting that, while "consolidation in San Antonio appear[ed] to be ideal in terms of the parties' convenience and the preservation of judicial resources," consolidation was not yet procedurally proper. ECF No. at 2–3. Judge Farrer thus directed Defendants to file a § 1404(b) motion to transfer in each of the two pending Del Rio cases.[2]

On February 6, 2023, Defendants filed motions to transfer the Del Rio cases to the San Antonio Division of the Western District of Texas. *See Stevens* Action, ECF No. 15; *Haaland* Action, ECF No. 18. On October 2, 2023, Chief Judge Moses granted the motions and both cases were transferred to the San Antonio division and assigned new case numbers and judges. *See Stevens* Action, ECF No. 22; *Haaland* Action, ECF No. 21. The *Haaland* Action was directly assigned to this Judge, and the *Stevens* Action, originally assigned at random to Judge Jason K. Pulliam, was transferred to the undersigned on October 6, 2023. *Stevens* Action, ECF No. 22. The *Kendall* Action was transferred to the undersigned on October 16, 2023. ECF No. 27. Now that all four cases are before the same judge, the Court concludes that consolidation is appropriate.

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid

---

[1] Plaintiff sought leave to proceed *in forma pauperis* in the *Stanley*, *Stevens*, and *Haaland* Actions but ultimately paid the filing fee in all three cases. *See Stanley* Action, ECF Nos. 1, 8, 9; Stevens Action, ECF Nos. 1, 6, 9; *Haaland* Action, ECF Nos. 1, 6, 11.

[2] At a hearing on December 13, 2022, Hobbs represented that he was unopposed to consolidation and noted two other potentially related cases pending in the Eastern District of Wisconsin. Thereafter, however, Hobbs informed Defendants of his opposition to the pending motions to transfer. *See Stevens* Action, ECF No. 17; *Haaland* Action, ECF No. 20. Hobbs nonetheless failed to file a timely response in opposition to either transfer motion, nor did he seek an extension of time to do so at any point in the nearly eight months those motions were pending in Del Rio.

unnecessary cost or delay." FED. R. CIV. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

In determining whether consolidation is appropriate, the district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar Cnty.*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009); *Russo v. Alamosa Holdings, Inc.*, No. 5:03-CV-312-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

Here, all the factors weigh in favor of consolidation. All four cases are now pending before the same judge and involve common parties. Hobbs is the only plaintiff, and the named defendants are the federal government, agencies, and agents, all of whom are represented by the same counsel. Similarly, the cases involve two basic theories of liability—employment discrimination and *Bivens* claims for violation of his constitutional rights—and arise out of a common set of facts involving his employment with the DOI and USAF. There is no prejudice to any of the parties. Finally, consolidation will conserve judicial resources, time, and expense since the issues in the cases are intertwined.

The pending motions for consolidation in 5:22-cv-342-XR (ECF No. 25), 5:23-cv-1240-XR (ECF No. 24), and 5:23-cv-1241-XR (ECF No. 23) are **MOOT** in light of the Court's *sua sponte* consolidation of the applicable cases.

## CONCLUSION

The Court hereby **ORDERS** that 5:22-cv-739-XR, 5:23-cv-1240-XR, and 5:23-cv-1241-XR be consolidated into the lead case, 5:22-cv-342-XR, which was first filed. It is **FURTHER ORDERED** that all future filings be filed in 5:22-cv-342-XR.

It is **FURTHER ORDERED** that the pending motions for consolidation in 5:22-cv-342-XR (ECF No. 25), 5:22-cv-739-XR (ECF No. 28), 5:23-cv-1240-XR (ECF No. 24), and 5:23-cv-1241-XR (ECF No. 23) are **MOOT** in light of the Court's *sua sponte* consolidation of the applicable cases.

Given these circumstances, the Court concludes that 5:22-cv-739-XR, 5:23-cv-1240-XR, and 5:23-cv-1241-XR are appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014). The Clerk's Office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** 5:22-cv-739-XR, 5:23-cv-1240-XR, and 5:23-cv-1241-XR pending further order of the Court.

The Clerk is **DIRECTED** to mail a copy of this Order to Lawrence Hobbs, P.O. Box 1880, Canyon Lake, Texas 78133.

It is **SO ORDERED**.

**SIGNED** this 23rd day of October, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE